223 So.2d 316 (1969)
James W. BOGGS, Petitioner,
v.
Honorable Louie L. WAINWRIGHT, Director, Florida Division of Corrections, and ex Officio Warden, Florida State Prison, Raiford, Florida, Respondent.
No. 38313.
Supreme Court of Florida.
May 21, 1969.
James W. Boggs, in pro. per. for petitioner.
Earl Faircloth, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
BOYD, Justice.
This cause is before us on petition for writ of mandamus in forma pauperis. We issued the alternative writ and have received respondent's return.
Petitioner was convicted of forgery in Bay County and on October 12, 1967, was sentenced to two years in prison. Thereafter, on February 28, 1968, he was convicted of auto larceny in Bradford County and *317 sentenced to eight months, said sentence providing "you James W. Boggs be confined therein [Raiford Prison] for a period of eight (8) months, from the date of your delivery thereto." (e.s.) Petitioner contends that the italicized language makes the Bradford County sentence run concurrently with the prior Bay County sentence.
Respondent in his return informs us that on April 24, 1969, the sentencing judge entered his order nunc pro tunc, correcting the clerical error in the minute entry so as to strike the language "from the date of your delivery thereto." In his order the judge states that he did not use the stricken language in sentencing petitioner, but that it was mistakenly added by the clerk.
In R.R. Ricou & Sons Co. v. Merwin, 94 Fla. 86, 87, 113 So. 745, 746 (1927) this Court stated:
"That a court of record may, even after the term has expired, correct clerical mistakes in its own judgments and records, nunc pro tunc, and that such corrections generally relate back and take effect as of the date of the judgment, decree, order, writ, or other record so corrected, is well settled."
The corrected record of petitioner's eight-months sentence is silent as to when the eight-month sentence should begin to run and is thus controlled by the following provision of Florida Statute § 921.16, F.S.A.:
"* * * Sentences of imprisonment for offenses not charged in the same indictment or information shall be served consecutively unless the court expressly directs that they or some of them be served concurrently."
Accordingly the alternative writ is discharged and the petition dismissed.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW and ADKINS, JJ., concur.