249 So.2d 27 (1971)
ST. MORITZ HOTEL, Petitioner,
v.
Jimmy C. DAUGHTRY and the Florida Industrial Commission, Respondents.
No. 40530.
Supreme Court of Florida.
June 9, 1971.
C.E. Miller, of Miller & Byrne, Orlando, for petitioner.
Jerome H. Wolfson of Wolfson & Appel, Miami, Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
*28 McCAIN, Justice.
This cause is before us on petition for writ of certiorari to the Florida Industrial Relations Commission. The sole question presented for our consideration is whether petitioner's application for review was properly dismissed by the Full Commission as untimely. In our judgment the application was timely and the dismissal constituted error.
On April 7, 1970, the Judge of Industrial Claims entered an Order awarding claimant compensation in the form of weekly payments for nursing services to be continued "so long as such services are necessary" and allowed an attorney's fee in the amount of $9,500. He stated that the award of an attorney's fee was based on present value of the nursing services (although he did not set a figure for the present value of the services), the time and preparation involved in the claim, the adequacy of the preparation, and the Dade County Bar Association schedule of minimum fees.
On April 22, 1970, the Judge of Industrial Claims sua sponte entered a supplemental order purporting to "correct an error in computation or a scrivener's error" with respect to the award of attorney's fees in the April 7th order. In the supplemental order the Claims Judge found that the parties had stipulated that any award of attorney's fees should be in the sum of 30% of the benefits recovered and that the present value of such benefits was $27,706.05. The Judge therefore reset the award of attorney's fees at $8,311.80.
Petitioner-employer filed an application for review of the order of April 22, 1970, with the Full Commission on May 4, 1970, more than 20 days after entry of the April 7th order. Upon respondent's motion, the application was dismissed as untimely, the Full Commission stating:
"As this Commission has stated previously that where the second or amended Order does not go into the merits but merely corrects a scrivener's error or some other evidence not going to the heart of the matter, then in such a case the time runs from the entry of the original Order and not the amending Order. See Howell v. Horn-Wilson, Inc., 2 FCR 29 (1956)."
In Howell v. Horne-Wilson, Inc., cited by the Commission, the supplemental order corrected an error in the mathematical computation of claimant's rate of compensation as specified in the original order. Compare Norris v. Winter Garden Citrus Growers Assn., 3 FCR 117 (1958).
We do not dispute the statement of the law by the Full Commission. An amendment or modification of an order or judgment in an immaterial way does not toll the time within which review must be sought. But where the modification or amendment materially changes the original order or judgment, the limitation period is said to run from the time of such modification or amendment. Goode v. Hialeah Race Course, Inc., 246 So.2d 105 (Fla. 1971). The U.S. Supreme Court, in Federal Trade Commission v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952) stated the rule as follows:
"* * * Only when the lower Court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality."
The issue for our consideration, therefore, is whether or not the supplemental order in the instant case materially changed the original order of the Claims Judge.
*29 The Judge of Industrial Claims characterized his supplemental order as a correction of a scrivener's error or an error in computation. Respondent argues that this characterization should be binding upon us. However, it is axiomatic that although the characterization of an act or event is entitled to consideration, it will not control if it does not accurately describe the substance of the event in question. That is to say, substance and not form controls where the two are in conflict. Pierce v. Scott, 142 Fla. 581, 195 So. 160 (1940); Bruce's Juices, Inc. v. King, 61 So.2d 175 (Fla. 1952); Nelson v. State ex rel. Fisher, 84 Fla. 631, 94 So. 680 (1922); Colburn v. Highland Realty Co., 153 So.2d 731 (Fla.App.2d, 1963); Miller v. Duke, 155 So.2d 627 (Fla.App.1st, 1963), rehearing denied; and Coleman v. Coleman, 191 So.2d 460 (Fla.App.1st, 1966).
It is our view that the supplemental order did materially change the original order entered on April 7th. The second order did two things which we deem significant: (1) it made a new award of attorney's fees computed in a substantially different manner from the award in the first order; and (2) it stated for the first time the present value of the benefits to claimant. Petitioner could hardly have attacked the figure of $27,706.05 placed on the benefits on the basis of the first order alone, because the first order made no reference to the value of the benefits. Nor does there appear to be any way to calculate present value from the first order, since the first order said only that claimant was to receive $45.00 per week for nursing services "so long as such services were necessary." Indeed, petitioner may have been ready to appeal the first order on this or another ground when the second order was entered some 15 days later. That he had not already done so is of course immaterial because his time for appeal (20 days, or until April 27) had not run when the second order was entered.
Also of significance is the fact that petitioner's application for review was directed solely to alleged errors in the second order. In a case where a party is obviously satisfied with a first order, but finds a second order objectionable, the result of not tolling the time for review is to shorten the time within which the party may seek review of the questioned order. In the case sub judice the effect of not tolling the time for review would have been to leave petitioner with only 5 days after entry of the second order within which to appeal. Had the Claims Judge entered the second order on the 20th day after entry of the April 7th order, petitioner might even have been foreclosed entirely from review of the objectionable portions of the second order. That such a result is prejudicial to the party foreclosed is obvious.[1]
It is clear then, that the second order in the instant case materially changed the original order and that the time for appeal began to run anew on April 22, the date of the second order. Accordingly, petitioner's application for review filed within 20 days of the order of April 22 and directed to alleged errors in that order was timely, and it was error for the Full Commission to dismiss it.
At this juncture, standard procedure ordinarily requires that we return the case to the Full Commission for consideration of the merits of petitioner's application for review. In the case sub judice, however, we are urged to proceed with a full review of the merits of petitioner's claims at this *30 time because of the following language in the order of the Full Commission: "In passing we wish to state that if this case had come before us on the merits, we would have affirmed it."
We cannot agree that this language permits the parties to bypass orderly administrative procedure and obtain review here prior to full review by the Commission. On a motion to dismiss an application for review as untimely, the Full Commission is not confronted in an adversary fashion with the merits of the cause. Its attention is directed elsewhere, and the party petitioning for review does not have an opportunity to place his arguments before the reviewing body in their most persuasive light, as he would on a full appeal. It may be, therefore, that in spite of the above language, the Commission will reach a different result on a fuller consideration of the case following remand.
Moreover, the language in question does not indicate on what basis the Commission would have affirmed the award below, and we are therefore without the benefit of the Commission's thinking in this regard. Although Fla. Stat. § 440.25(4) (d), F.S.A., requires only that the Commission affirm, reverse or modify the questioned compensation order, it is usually helpful and desirable for the Commission to outline its reasons for reaching a given result.
Accordingly, the order of the Full Commission dismissing petitioner's application for review as untimely is quashed and the cause remanded to the Full Commission with instructions to afford petitioner full administrative review with respect to the alleged errors contained in the order of the Judge of Industrial Claims dated April 22, 1970.
It is so ordered.
ROBERTS, C.J., ADKINS and BOYD, JJ., and MASON, Circuit Judge, concur.
NOTES
[1] It should be equally clear, however, that no prejudice would have resulted had petitioner's application for review, made with full knowledge of the contents of the second order, been directed solely to an alleged error or errors in the first order. That is to say, whether or not the second order made a substantive change in the original order would be immaterial if petitioner did not challenge the second order, but was concerned only with alleged errors in the first order. This appears to have been the result in Betts v. Fowelin, 203 So.2d 630 (Fla.App.4th, 1967).