291 So.2d 206 (1974)
Allan H. APPLESTEIN, Appellant,
v.
Albert H. ALBERRING, Appellee.
No. 73-932.
District Court of Appeal of Florida, Third District.
March 12, 1974.
Diaz-Asper, Katzen, Chulock & Thompson, South Miami, for appellant.
Fowler, White, Humkey, Burnett, Hurley & Banick; Bernard S. Yedlin, Miami, for appellee.
Before CARROLL, HENDRY AND HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant seeks review of a nunc pro tunc order dismissing his counterclaim with prejudice.
Plaintiff, employed as a process server by Dade County, Florida, alleged that while attempting service of process upon the defendant-appellant, the defendant threatened and accosted him with a deadly weapon. He filed a complaint seeking compensatory and punitive damages for (1) assault and (2) false imprisonment. In response thereto, defendant filed an answer and a counterclaim against the plaintiff and Dade County. Thereafter, plaintiff-appellee moved to dismiss the counterclaim and his motion was granted by the trial court which in its order of dismissal stated that defendant had no argument in opposition thereto.
Trial on plaintiff's cause of action commenced on June 4, 1973 and upon recess for luncheon, the parties entered into a discussion of possible settlement. Plaintiff discussed the proposed settlement with the trial judge who explained to him that the counterclaim had been dismissed. In addition, appellant's counsel allegedly stated that plaintiff's acceptance of the settlement would end all litigation against the plaintiff. Thereupon, plaintiff accepted the settlement. Several days later, defendant-appellant filed a complaint setting forth the same issues which were pled in the dismissed counterclaim. In addition, defendant filed a motion to compel settlement. Thereafter, the trial judge in the original case had counsel for appellee draw up a nunc pro tunc order which reflected that appellant's counterclaim was dismissed with prejudice. Based upon the entry thereof, the trial judge in the pending action dismissed appellant's complaint as res judicata. This appeal followed.
On appeal, defendant-appellant contends it was error to have entered the nunc pro *207 tunc order dismissing his counterclaim with prejudice. We cannot agree.
The purpose of a nunc pro tunc order is to supply an omission in the record of action previously done which omission was made through inadvertence or mistake. Freeman v. Blackburn, Fla. 1957, 92 So.2d 262. The nunc pro tunc order in the case sub judice clearly expresses the fact that through inadvertence the counterclaim was not dismissed with prejudice although such was the court's intention. Thus, we find the trial judge was correct in entering the nunc pro tunc order herein appealed to supply this omission in the record.
Accordingly, the order of the trial court is affirmed.
Affirmed.