372 So.2d 184 (1979)
B.G. LEASING, INC., Etc., et al., Appellants,
v.
Marion HEIDER, et Ux., Appellees.
No. 78-789.
District Court of Appeal of Florida, Third District.
June 19, 1979.
Adams & Ward and Amy Shield Levine, Miami, for appellants.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Miami, Bernard H. Butts, Hialeah, for appellees.
Before HAVERFIELD, C.J., and BARKDULL and KEHOE, JJ.
*185 PER CURIAM.
A party was injured by an automobile owned by B.G. Leasing, Inc., leased to Arthur Manners and driven by his wife, Blanche Gordon Manners. The Manners were insured by Travelers Insurance Company.
Suit was instituted by the injured party and her husband against the lessor and the Manners, together with Travelers. After an adverse jury verdict, final judgment was entered against the insureds (B.G. Leasing, Inc. and the Manners) and their insurer. See: Hertz Corporation v. Pugh, 354 So.2d 966 (Fla. 1st DCA 1978). Thereafter, the trial court entered an amended final judgment, deleting two of the three insureds (the Manners). This appeal was taken more than thirty days from the original final judgment, but within thirty days of the amended final judgment.
No error is urged in the amended final judgment by the appellants. The amended final judgment did not change the status of the remaining insured and Travelers from the original final judgment. Therefore, the appeal is untimely as to the original final judgment and same is dismissed. See: Betts v. Fowelin, 203 So.2d 630 (Fla. 4th DCA 1967), wherein the following is found:
.....
"... Thus, the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower Court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment had been plainly and properly settled with finality."
.....
Also see: Salinger v. Salinger, 100 So.2d 393 (Fla. 1958).
Appeal dismissed.