394 So.2d 137 (1981)
John Clyde LUHRS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1559/T4-661.
District Court of Appeal of Florida, Fifth District.
January 7, 1981.
On Rehearings February 18, 1981.
*138 Sam E. Murrell and Charlene D. Kelley of Sam E. Murrell & Sons, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gregory C. Smith, Asst. Atty. Gen., and Barbara Ann Butler, Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from an order withholding adjudication of guilt and placing appellant on probation for five years for aggravated child abuse. Appellant pleaded no contest, specifically reserving for appeal the trial court's denial of his motion for discharge for violation of the speedy trial rule.
The time period for speedy trial expired November 23, 1978. After various events, the trial was reset for November 16, 1978. Trial was not held on that date but reset for February 6, 1979. Defendant then filed his motion for discharge which was denied.
Notice of appeal was filed on June 17, 1979. On June 29, 1979, the trial judge entered an order, nunc pro tunc to November 17, 1978, granting the state's oral motion for continuance, attributing the delay to defendant for providing his witness list within one week of the proposed trial and rescheduling the trial for February 6, 1979.
The question is whether a trial judge, after notice of appeal has been filed, may enter an order nunc pro tunc which is material to the basis for the appeal. Without the nunc pro tunc order, defendant was clearly entitled to discharge because the 180-day period had expired well before the February 6, 1979 trial date.
This court has recently held that the state's properly granted motion for continuance takes the matter out of the operation of the speedy trial rule and a defendant is entitled to a speedy trial only within constitutional guidelines as expressed, for example, in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). State v. Bufford, 383 So.2d 928 (Fla. 5th DCA 1980). The only manner by which the rule is brought back into operation is if the defendant files a motion for discharge; in that event, he must be brought to trial within ninety days after that motion is filed. Bufford at 930. See also State v. Kurtz, 354 So.2d 890 (Fla. 4th DCA 1978). Contra, State v. Reese, 359 So.2d 33 (Fla. 4th DCA 1978).
A court order entered before expiration of the speedy trial time is required to extend or toll the speedy trial periods. Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161, 163 (Fla. 1974); State v. Wise, 336 So.2d 3 (Fla. 4th DCA 1976); Mullin v. State, 307 So.2d 829 (Fla. 3d DCA 1974); Esperti v. State, 276 So.2d 58 (Fla. 2d DCA 1973). If the nunc pro tunc order here is effective as of the date it proclaims to have been ordered, defendant was not entitled to discharge. Appellant contends a valid order of continuance was not entered and the omission cannot be corrected nunc pro tunc after the fact. We disagree and affirm.
The judgment of a court may be corrected at any time to reflect what was, in fact, done by the court. 15 Fla.Jur.2d Crim.Law § 905 (1979). A judgment nunc pro tunc presupposes a judgment actually rendered at the proper time but not properly entered. Dunkle v. State, 98 Fla. 985, 124 So. 725 (1929). A nunc pro tunc order is also used to supply an omission in the record of an action previously done but omitted through inadvertence or mistake. Boggs v. Wainwright, 223 So.2d 316 (Fla. 1969); Applestein v. Alberring, 291 So.2d 206 (Fla. 3d DCA 1974).
In Becker v. King, 307 So.2d 855, 859 (Fla. 4th DCA 1975), the court said:

Nunc pro tunc means `now for then' and when applied to the entry of a legal order or judgment it normally does not refer to a new or fresh (de novo) decision, as when *139 a decision is made after the death of a party, but relates to a ruling or action actually previously made or done but concerning which for some reason the record thereof is defective or omitted. The later record making does not itself have a retroactive effect but it constitutes the later evidence of a prior effectual act.
* * * * * *
[I]t was also a proper use of a nunc pro tunc order to establish a final and appealable written record of the court's previous decision orally rendered. To correct the form of the first nunc pro tunc judgment was also a proper use of the second nunc pro tunc  `to make the record speak the truth.'
Prior to the time the record on appeal is transmitted, the lower tribunal has concurrent jurisdiction with the appellate court to render orders on any procedural matter relating to the cause. Fla.R.App.P. 9.600(a). The correction of an error or omission properly falls within this category of procedural matters.[1]
The order of June 29, 1979, recites that the state made an oral motion for a continuance based on prejudice and after a hearing, the motion was granted. Counsel for appellant was not defendant's trial counsel and he has not presented any facts to suggest that the hearing did not take place. To speculate that the event did not take place would necessarily imply a charge of bad faith and deliberate circumvention of the speedy trial rule by the prosecution and the trial judge. Such serious charges should be supported by more than speculation.
AFFIRMED.
COBB and COWART, JJ., concur.

ON MOTION FOR REHEARING OR CLARIFICATION
The state's petition calls to our attention a transcript of a hearing which took place November 16, 1978. The pertinent remarks were:
THE COURT: Luhrs, I am going to grant the State's continuance on that matter, but I'm charging that to the defendant, in that you provided them with witnesses two days prior to trial. Witnesses which were apparently known to your client throughout the period.
[PUBLIC DEFENDER]: Yes, Your Honor.
THE COURT: And it was beyond the fifteen days for your response.
[PUBLIC DEFENDER]: I don't concede the motion, but I will concede the factual basis.
THE COURT: All right sir. Thank you.
The record was supplemented after oral argument to include these remarks at our request. Our opinion can be interpreted as leaving the question whether the hearing took place unanswered. We therefore clarify our opinion by stating the motion for rehearing was made and acted upon.
COBB and COWART, JJ., concur.
NOTES
[1] The civil rules specifically provide that clerical mistakes may be corrected before the record on appeal is docketed in the appellate court and thereafter while the appeal is pending with leave of the appellate court. Fla.R.Civ.P. 1.540(a). No comparable criminal rule specifically providing for the correction of clerical errors appears; however, Boggs, cited above, a criminal case, adopted the rule concerning correction of errors after term from a civil case. See Boggs at 317, quoting R.R. Ricou & Sons Co. v. Merwin, 94 Fla. 86, 113 So. 745, 746 (1927).