773 So.2d 630 (2000)
Norma DeGALE, as Personal Representative of the Estate of Charles DeGale, and John Simpson, Appellants,
v.
KRONGOLD, BASS & TODD, Paul Bass, Marshal R. Krongold, Leslie A. Todd, and Anthony Lepore, Appellees.
No. 3D99-2749.
District Court of Appeal of Florida, Third District.
December 13, 2000.
*631 Shook, Hardy & Bacon, and Sergio E. Pagliery, Todd L. Wallen and Barbara J. Riesberg, Miami, for appellants.
George, Hartz, Lundeen & Fulmer, and Esther E. Galicia and Jennifer P. Huber, Fort Lauderdale, for appellees.
Before GODERICH and SORONDO, JJ., and NESBITT, Senior Judge.

ON MOTION TO DISMISSGRANTED
PER CURIAM.
This cause is here on Krongold, Bass & Todd, Paul Bass, Marshall R. Krongold, Leslie A. Todd and Anthony Lepore's (Defendants) motions to dismiss Norma DeGale, as personal representative of the Estate of Charles DeGale, and John Simpson's (Plaintiffs) appeal.[1]
On September 27, 1999, the trial court rendered a final summary judgment in favor of the Defendants and an order denying Plaintiffs' motion for leave to file an amended complaint for purposes of naming a corporation as a party plaintiff. Subsequently, on October 7, 1999, the trial court rendered an amended final summary judgment and order denying Plaintiffs' motion for leave to file an amended complaint. The amended final summary judgment and order differs from the original judgment and order in two ways: (1) the amended judgment corrects the name of the personal representative of the Estate of Charles DeGale, from "Norman DeGale" as it appears in the second paragraph of the original judgment, to "Norma DeGale"; and (2) the amended order deletes the words "so as to add a corporate plaintiff' from the third paragraph of the original order.
On November 3, 1999, Plaintiffs filed a notice of appeal seeking review of the trial court's October 7, 1999 Amended Final Summary Judgment and Order Denying Plaintiffs' Motion for Leave to File Amended Complaint. Plaintiffs filed the notice of appeal more than thirty days after rendition of the original final summary judgment and order, but within thirty days from the date the trial court rendered the amended judgment and' order.
Defendants contend that the trial court's October 7, 1999 amended judgment and order does not substantively alter, change or modify the original September 27, 1999 judgment and order as it pertains to John Simpson. Therefore, Defendants argue, the notice of appeal had to be filed within thirty days from rendition of the original judgment and order. Plaintiffs counter that the accurate and proper identification of the party against whom final summary judgment was entered"Norma DeGale" constitutes a substantive modification between the original September 27, 1999 judgment and the amended October 7, 1999 judgment. Thus, Plaintiffs argue that the amended judgment and order extended the time to appeal.
Florida follows the majority rule that, where a judgment is amended in a material respect, the appeal time runs from the date of the amendment, provided the amendment is material, not minor or formal. Betts v. Fowelin, 203 So.2d 630, *632 631 (Fla. 4th DCA 1967); see also St. Moritz Hotel v. Daughtry, 249 So.2d 27 (Fla.1971). To determine if the amendment materially changes the original judgment and order, we look to St. Moritz, where the Florida Supreme Court stated the applicable rule as follows:
An amendment or modification of an order or judgment in an immaterial way does not toll the time within which review must be sought.... `Only when the lower Court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality.'
St. Moritz, 249 So.2d at 28 (quoting Federal Trade Comm'n v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211-12, 73 S.Ct. 245, 97 L.Ed. 245 (1952)); see also B.G. Leasing, Inc. v. Heider, 372 So.2d 184 (Fla. 3rd DCA 1979); Betts, 203 So.2d at 631-32.
There is no substantive change between the original final summary judgment and order and the subsequent amendment of that judgment and order. Both the original and amended judgments grant final summary judgment to the Defendants, and both orders deny the Plaintiffs' motion for leave to file an amended complaint. The effect of the amendment was to correct mere clerical errors, which had no impact on the rights of the parties or the finality of the trial court's original final summary judgment and order for purposes of appeal.[2]See Betts, 203 So.2d at 632 (finding that corrected final judgment that merely changed amount of final judgment from $63,600.00 to $63,660.00 was not material change); Borja v. Nationsbank of Florida, N.A., 698 So.2d 280 (Fla. 3rd DCA 1997)(holding that inadvertent omission of names of some parties to action was mere technical error that did not affect finality of judgment); B.G. Leasing, 372 So.2d at 185 (finding no material change in amended final judgment that deleted two of three defendants).
Moreover, we note that Plaintiffs' appeal was directed solely at alleged errors in the original judgment and order. Cf. St. Moritz, 249 So.2d at 29 n. 1 (finding that second order extended time for appeal, where petitioner's application for review was only directed to alleged errors in second order, which materially changed original order; but noting that "whether or not the second order made a substantive change in the original order would be immaterial if petitioner did not challenge the second order, but was only concerned with alleged errors in the first order."). Plaintiffs' issues on appeal are not based on the corrections made in the amended judgment and order. Rather, their challenge is directed solely at alleged errors contained in the original judgment and order, namely, that the trial court denied them the ability to name a corporation as a party plaintiff.
We conclude that the October 7, 1999 amended judgment and order did not disturb or revise the legal rights and obligations that the trial court had plainly settled in the September 27, 1999 final summary judgment and order denying Plaintiffs' motion for leave to file an amended complaint. As such, the time for appeal began to run from rendition of the original judgment and order.
Since Plaintiffs did not file the notice of appeal within thirty days from rendition of *633 the original final summary judgment and order, we lack jurisdiction to consider the appeal and it is accordingly dismissed.[3] Defendants' motions to dismiss are granted.
NOTES
[1] On June 19, 2000, Defendants filed two separate motions to dismiss: (1) as to John Simpson for lack of jurisdiction; and (2) as to Charles DeGale, deceased, for lack of standing to initiate appeal. In response, Plaintiffs moved to substitute Norma DeGale, as Personal Representative of the Estate of Charles DeGale, in place of Charles DeGale for purposes of appeal. This court granted Plaintiffs' motion for substitution, and carried with the case Defendants' motions to dismiss as to Charles DeGale and John Simpson.
[2] We know of no party or person in the instant lawsuit by the name of Norman DeGale. Clearly, the trial court ruled against the Plaintiffs, whose names are Norma DeGale and John Simpson. The style of the case in the original final summary judgment and order indicates as much. The mention of Norman DeGale in the body of the judgment was simply a scrivener's error.
[3] We dismiss the appeal both as to John Simpson and Norma DeGale, as personal representative of the Estate of Charles DeGale and on behalf of Charles DeGale. Based on the record before us, it is clear that the Plaintiffs are in identical situations insofar as neither filed a timely notice of appeal with respect to the original final summary judgment and order.