796 So.2d 1276 (2001)
Thomas Perry WELLS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-316.
District Court of Appeal of Florida, Fourth District.
October 17, 2001.
*1277 Thomas Perry Wells, Jr., Sanderson, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Thomas Perry Wells, Jr., appeals the denial of his motion to correct his name in the final judgment of conviction and sentence imposed upon him. His name on the judgment of conviction omitted "Jr." The trial court determined it was without jurisdiction to correct the judgment and denied his motion. Because we conclude that the court does have jurisdiction to correct a clerical error in the final judgment, we reverse.
The information, verdict, final judgment, and sentence in this case all referred to appellant as "Thomas Perry Wells." However, the Notice to Appear/Probable Cause Affidavit referred to him as "Jr.", and appellant signed his pro se motions and all of his letters to the judge and clerk using "Jr." While the Pretrial Services Program Affidavit of Insolvency, the Notice of Invocation of Right to Counsel, the Cash Appearance Bond form, the Notice of Arraignment, the Memorandum of Jury Trial Date, and the Conflict Counsel/Client Agreement all listed appellant's name as "Thomas Wells," he signed his name on those documents as "Thomas P. Wells, Jr." In his motion to correct his name, he alleged that he was requesting the correction so that his criminal record would not be attributed to his father, who had no criminal record.
Although the Rules of Criminal Procedure do not include a rule authorizing the correction of errors in judgments, as noted by the fifth district in Luhrs v. State, 394 So.2d 137, 139 n. 1 (Fla. 5th DCA 1981), in Boggs v. Wainwright, 223 So.2d 316 (Fla.1969), the supreme court effectively "adopted the rule concerning correction of errors after term from a civil case." Luhrs, 394 So.2d at 139 n. 1. Florida Rule of Civil Procedure 1.540(a) provides:
Clerical Mistakes. Clerical mistakes in judgments, decrees, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders.
Thus, if a clerical mistake exists in a criminal case, the trial court has the jurisdiction to correct it.
We conclude that the omission of "Jr." from a name is the type of clerical error which may be corrected pursuant to the rule at any time. Such correction would be nunc pro tunc to the original date of the judgment. In Luhrs, the court explained when a nunc pro tunc is appropriate:

Nunc pro tunc means `now for then' and when applied to the entry of a legal order or judgment it normally does not refer to a new or fresh (de novo) decision, as when a decision is made after the death of a party, but relates to a ruling or action actually previously made or done but concerning which for some reason the record thereof is defective or omitted. The later record making does not itself have a retroactive effect but it constitutes the later evidence of a prior effectual act.
* * * * * *
[I]t was also a proper use of a nunc pro tunc order to establish a final and appealable written record of the *1278 court's previous decision orally rendered. To correct the form of the first nunc pro tunc judgment was also a proper use of the second nunc pro tunc`to make the record speak the truth.'
394 So.2d at 138-39 (quoting Becker v. King, 307 So.2d 855, 859 (Fla. 4th DCA 1975)). In DeGale v. Krongold, Bass & Todd, 773 So.2d 630 (Fla. 3d DCA 2000), the court held that changing a name from Norman to Norma was correcting a clerical error which could be done nunc pro tunc. In doing so, it looked to St. Moritz Hotel v. Daughtry, 249 So.2d 27 (Fla.1971), to determine whether the "amendment materially changes the original judgment and order." DeGale, 773 So.2d at 632. St. Moritz stated:
`Only when the lower Court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality.'

249 So.2d at 28 (quoting Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211-12, 73 S.Ct. 245, 97 L.Ed. 245 (1952))(emphasis added).
Applying this test to the instant case, the requested correction of appellant's name in the final judgment would not have revised the legal rights and obligations plainly and properly settled with finality in the earlier judgment. Appellant would still be adjudicated and incarcerated for the crimes for which he was convicted. His fingerprints are on the sentencing judgment.
We therefore reverse for further proceedings on appellant's motion to correct the judgment and sentence. On remand, the court must determine whether appellant's correct name includes "Jr."
POLEN, C.J., and TAYLOR, J., concur.