843 So.2d 973 (2003)
MAXFLY AVIATION INC., and Donald Lewandowski, Appellants,
v.
CAPITAL AIRLINES LTD., Appellee.
No. 4D02-4999.
District Court of Appeal of Florida, Fourth District.
April 30, 2003.
*974 Gary Robert Fine of Rodham & Fine, P.A., Fort Lauderdale, for appellants.
Michael D. Gelety and Laura Chukwima, Fort Lauderdale, for appellee.

ON MOTION TO DISMISS APPEAL
FARMER, J.
In this case the trial court entered a money judgment on July 17, 2002. There is a disputewhich we are not able to resolve with the appendix we haveas to whether the motion for rehearing filed August 6th was timely, but it was denied on August 30th. Then on October 31st, appellee filed a motion to "correct and modify" the July 17th judgment so as to add the post-judgment interest rate and the address of the judgment debtor. An amended judgment making these additions was entered on November 14th, to which the court appended the words nunc pro tunc. The notice of appeal was filed December 13th. Appellee moves to dismiss the appeal as untimely. We agree.
Before the adoption of the current rules of appellate procedure in 1978, the rule was well established that an amendment or modification of an order or judgment in an immaterial, insubstantial way does not toll the time within which to seek review. Where the modification or amendment materially changes the original order or judgment, however, the limitation period begins to run from the time of such modification or amendment. St. Moritz Hotel v. Daughtry, 249 So.2d 27 (Fla.1971); Goode v. Hialeah Race Course, Inc., 246 So.2d 105 (Fla.1971). The St. Moritz court explained the policy thus:
"Only when the lower Court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality."
249 So.2d at 28 (quoting Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952)).
Since the adoption of the current appellate rules, courts have continued to follow the earlier cases. For example, in Daytona Migi Corp. v. Daytona Automotive Fiberglass Inc., 417 So.2d 272 (Fla. 5th DCA 1982), the court explained:

*975 "the amendment or modification of an order in an immaterial way does not delay the time for seeking review. St. Moritz Hotel v. Daughtry, 249 So.2d 27 (Fla.1971). The time for taking an appeal is tolled only if the second order changes matters of substance or resolves a genuine ambiguity. B.G. Leasing, Inc. v. Heider, 372 So.2d 184 (Fla. 3d DCA 1979). The test is whether the court in the second order has disturbed or revised legal rights and obligations which had been settled with finality in the original order. Id; cf. Salinger v. Salinger, 100 So.2d 393 (Fla.1958) (trial court order amending final decree, per stipulation of the parties, to provide for a different effective date did not suspend rendition of the original order and postpone the time for taking appeal)."
417 So.2d at 274. And in DeGale v. Krongold, Bass & Todd, 773 So.2d 630 (Fla. 3d DCA 2000), the court held that an amendment changing the name of one of the parties was neither material nor substantive and merely corrected clerical errors. See also B.G. Leasing, Inc., 372 So.2d at 184 (no substantive material change in deleting two defendants from final judgment).
This court, too, has reached similar results. In Friedman v. Friedman, 825 So.2d 1010 (Fla. 4th DCA 2002), we found that a modification adding the words "for which let execution issue" was not material and therefore did not delay the time for seeking review. See also Chan v. Brunswick Corp., 388 So.2d 274 (Fla. 4th DCA 1980) (words "for which let execution issue" are not essential in order for a judgment to be final); GEICO Fin. Serv., Inc. v. Kramer, 575 So.2d 1345 (Fla. 4th DCA 1991) (same). In Wells v. State, 796 So.2d 1276 (Fla. 4th DCA 2001), we held that the correction of the convicted defendant's name to include the designation "Jr." did not affect or alter the conviction settled by the final judgment.
Applying these holdings, we conclude that the addition of the post-judgment interest rate and the information pertinent to the judgment debtor do not disturb or revise the legal rights and obligations established by the July 17th judgment in any material way. They merely add facts that may become important if execution is attempted. In this sense the additions function as do the words "for which let execution issue" when added later.
The fact that the requirement to include the information relating to the judgment debtor comes from the legislature does not make the judgment interlocutory or nonfinal in the absence of such information. Appellants rely on section 55.01(2), Florida Statutes (2002), which requires that:
"Each final judgment shall contain thereon the address and the social security number, if known to the prevailing party, of each person against whom judgment is rendered."
They argue that the statutory requirement to supply this information in a final judgment is mandatory, and therefore the judgment entered July 17th was not an "enforceable order which would be a final judgment." We disagree.
Section 55.01(2) also expressly states that the "failure to include same shall in no way affect the validity or finality of a final judgment." Obviously the legislature had this issue in mind in drafting the legislation. The statute specifically rejects any loss of finality for failure to comply with its terms. Thus, even assuming that the Legislature has the power to impose the requirement, the statute does not provide that judgments lacking the information be deemed nonfinal. We also note the trial *976 judge's careful addition of the words nunc pro tunc to the amended judgment indicates rather strongly that the court itself intended no material or substantive change and that the July 17th judgment should remain fully effective from the date of its original entry.
Accordingly, the judgment entered July 17th was final and then appealable. Even if the motion for rehearing delayed rendition, it was denied August 30th. Thus the notice of appeal could have been filed no later than 30 days after August 30th. Plainly, the December filing of the appeal was too late.
APPEAL DISMISSED.
GUNTHER and STONE, JJ., concur.