PER CURIAM.
Jovan Howard appeals an order summarily denying his “motion to correct the record,” which he filed pursuant to section 901.36(3)(b), Florida Statutes (2003). He sought to correct record documents, relating to his criminal conviction, which erroneously showed an alias, “Gerald Gordon,” that he never used.[1] We reverse the order of denial and direct the trial court on remand to treat the motion as a rule 1.540(a) motion to correct clerical mistakes in the court’s records, and to reconsider it on the merits.
In 2006, Howard was charged by information with burglary of a dwelling, which occurred in August 2003. Blood taken from the crime scene was found to have the same DNA profile as an oral swab taken from Howard, already in state custody. The information later was amended to show Howard also was known as “Gerald Gordon.” Following a jury trial, Howard was found guilty and was sentenced to thirty years in prison as a habitual felony *976 offender, with a fifteen-year mandatory minimum as a prison releasee reoffender. This court affirmed his direct appeal. Howard v. State, 27 So.3d 104 (Fla. 4th DCA 2009), rev. denied, 42 So.3d 799 (Fla.2010).
Relevant to the instant appeal, in August 2010, Howard filed an amended rule 3.850 motion in which he complained that the attorney who represented him at sentencing was ineffective in failing to object, as he had asked her to do, to the State listing “Gerald Gordon” as his alias in its request for fingerprint comparison, to establish he qualified for enhanced sentencing. Record documents indicated that on the date of the offense, law enforcement had made contact with a Gerald Gordon, the pool man at a nearby residence, but apparently did not arrest or charge that individual. The trial court denied the motion based on the State’s response, which explained Howard could not show prejudice because no prior convictions for Gerald Gordon were used to enhance Howard’s sentence. Howard appealed and this court affirmed. Howard v. State, 81 So.3d 432 (Fla. 4th DCA 2012) (Table).
In May 2013, Howard filed the instant “motion to correct the record.” He complained the records in his criminal case contain a false name which he did not use, Gerald Gordon, the name of the individual whom the officer questioned around the time of the offense who was doing work at a nearby home in the same neighborhood.[2] He noted that the original information charged only his name, Jovan Howard, but the State filed an amended information which charged that the burglary was committed by “JOVAN HOWARD a/k/a GERALD GORDON.” The same alias also appears on his judgment, sentence, and uniform commitment to custody, and on the state attorney’s requests for comparison fingerprints, copies of all of which he attached. Also, the disposition sheet showed Gordon’s birthdate, not Howard’s. However, none of the fingerprints compared with his were in Gordon’s name. Howard claimed he did not use Gordon’s name and actually was not also known as Gerald Gordon. He asked the trial court to correct the clerical mistakes, omitting “Gerald Gordon” as an alias on the documents, citing Wells v. State, 796 So.2d 1276 (Fla. 4th DCA 2001) (reversing order denying defendant’s motion to correct name in conviction and sentence to include “Jr.,” holding omission was type of clerical error which might be corrected at any time pursuant to rule 1.540(a), nunc pro tunc). The circuit court denied the motion based on the State’s response, and this appeal followed.
In Wells, the movant was concerned that his criminal record not be attributed to his father. Id. at 1277. This court noted that, in Boggs v. Wainwright, 223 So.2d 316 (Fla.1969), the supreme court had effectively adopted, for use in criminal cases, Florida Rule of Civil Procedure 1.540(a), which provides, “Clerical mistakes in judgments, decrees, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders.” In *977 Boggs, the supreme court quoted from a prior opinion in which it had stated, “ ‘That a court of record may, even after the term has expired, correct clerical mistakes in its own judgments and records, nunc pro tunc, and that such corrections generally relate back and take effect as of the date of the judgment, decree, order, writ, or other record so corrected, is well settled.’ ” 223 So.2d at 317 (quoting R.R. Ricou & Sons Co. v. Merwin, 94 Fla. 86, 87, 113 So. 745, 746 (1927)).
This court concluded in Wells that correcting the omission of “Jr.” from a name is the type of clerical error which could be corrected at any time in this manner. Id. at 1277. We pointed out that in DeGale v. Krongold, Bass & Todd, 773 So.2d 630 (Fla. 3d DCA 2000), the Third District found changing a name from “Norman” to “Norma” properly could be done nunc pro tunc because the amendment would not “materially change[ ] the original judgment and order.” 773 So.2d at 632 (citing St. Moritz Hotel v. Daughtry, 249 So.2d 27, 28 (Fla.1971)). Because the requested change would not affect any legal rights and obligations — Wells would remain convicted and sentenced as before, and his fingerprints would remain on the judgment — this court reversed for further proceedings in which the trial court would have to determine whether Wells’s correct name included “Jr.” 796 So.2d at 1278. It seems that likely would require an eviden-tiary hearing.
In its response to Howard’s motion, the State asserted that the information was amended to reflect Howard’s alias and was not a clerical error. It represented that, at Howard’s sentencing, it had introduced certified copies of his prior convictions, along with expert testimony to prove that his fingerprints matched those on certified judgments presented to enhance his sentencing, and had “established that one of defendant’s aliases was Gerald Gordon.” It attached to its response the transcript of a hearing held prior to Howard’s sentencing and the fingerprint comparisons for other aliases. The transcript reflected that an expert testified that Howard’s prints matched those from convictions of “Clinton Seymore, a/k/a Carlton Bernard Harris.” The fingerprint comparisons were for individuals named Carlton Bernard Harris, Carlton B. Harris, Desmond Harris, Jovan Romanne Howard, and Clinton Seymore, a/k/a Carlton Lee Harris. A conviction in the name of Clinton Seymore contains a long list of abases, but none of them are Gerald Gordon. None of the fingerprints which were proved to match Howard’s belonged to anyone named Gerald Gordon.
This court’s order to show cause included a direction for the parties to discuss where in the summary record provided to this court the State established that one of Howard’s aliases was “Gerald Gordon.” But the State merely reiterates that it introduced certified copies of prior convictions in which Howard used that alias, and that it presented the testimony of an expert who compared Howard’s in-court fingerprints with those of Gerald Gordon contained on prior convictions, without explaining where in the summary record this was shown.
As the record provided to this court does not refute Howard’s claim, we reverse the order of denial and remand to the circuit court to treat the motion as a rule 1.540(a) motion and reconsider it on the merits.

Reversed and Remanded for further proceedings.

TAYLOR, LEVINE and KLINGENSMITH, JJ., concur.

. Section 901.36, Florida Statutes (2003), makes it a crime “for a person who has been arrested or lawfully detained by a law enforcement officer to give a false name, or otherwise falsely identify himself or herself in any way, to the law enforcement officer or any county jail personnel." § 901.36(1). When someone has been sentenced for violating this section, “The sentencing court may issue such orders as are necessary to correct any public record because it contains a false name or other false identification information given in violation of this section.” § 901.36(3)(b). Howard did not establish he had been found guilty of giving a false name, so this provision would not be the appropriate vehicle to correct the documents which he claims are erroneous.

. He attached to his motion a copy of the responding officer’s event report. The report indicated Mark Jarvis reported the burglary of his mother’s home. Jarvis told the officer he had seen a suspicious black male at a nearby home, so the officer went there and contacted Gerald Gordon. Gordon’s story, that he was at that residence working on the pool and tiki hut for the past six months, was verified. The officer mentioned there was no indication of cuts on Gordon’s hands, nor visible signs of blood. The officer's event report included information on Gordon, including his date of birth, home address, phone number, and physical description.