PER CURIAM.
This appeal, brought by the father in this dependency case, was not filed within 30 days of the date of rendition of the July 20, 2015, appealable orders. The August 19, 2015, amended orders contain immaterial changes to the July 20 orders and therefore do not have the effect of restarting the time within which to seek appellate review. See St. Moritz Hotel v. Daughtry, 249 So.2d 27 (Fla.1971); Churchville v. Ocean Grove R.V. Sales, Inc., 876 So.2d 649 (Fla. 1st DCA 2004) (“An amendment or modification of an order or judgment in an immaterial, insubstantial way does not restart the clock to file an appeal” and an appellant may not rely on even substantial or material modifications in an amended judgment to appeal issues adversely decided in the earlier judgment that remained unchanged); DeGale v. Krongold, Bass & Todd, 773 So.2d 630 (Fla. 3d DCA 2000).
*389 Accordingly, this appeal is dismissed for lack of jurisdiction. The dismissal is -without prejudice to the appellant’s right to seek relief in the trial court. See R.Z. v. Dep’t of Children and Families, 969 So.2d 1225 (Fla. 1st DCA 2007); In the Interest of E.H., 609 So.2d 1289 (Fla.1992).
LEWIS, SWANSON, and WINOKÜR, JJ., concur.