# Third District Court of Appeal

## State of Florida

Opinion filed July 05, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-969
Lower Tribunal No. 12-2537
_____


**Yellow Cab Company,**
Appellant,

vs.

**Calvina Ewing, a minor, by and through her mother and next friend, Tonya Jones,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Michael S. Kaufman, for appellant.

Rosenthal Law Group, and Alex P. Rosenthal and Rhiannon Sforza-Flick (Weston), for appellee.


Before ROTHENBERG, C.J., and LAGOA and FERNANDEZ, JJ.

ROTHENBERG, C.J.

The defendant below, Yellow Cab Company, appeals from an amended sanctions judgment entered in favor of the plaintiff, Calvina Ewing. Because Yellow Cab Company's notice of appeal was not timely filed, we dismiss the appeal for lack of jurisdiction.

Whether Yellow Cab Company's appeal was timely filed depends on whether the amendment of the sanctions judgment was material. If the amendment was material, the time to file an appeal began to run on the date the amended sanctions judgment was rendered, not on the date the initial sanctions judgment was rendered, and therefore, the appeal would be timely filed. However, if the amendment was not material, the time to file the appeal began to run on the rendition of the initial sanctions judgment, and therefore, the appeal would be untimely filed. See St. Moritz Hotel v. Daughtry, 249 So. 2d 27, 28 (Fla. 1971) ("An amendment or modification of an order or judgment in an immaterial way does not toll the time within which review must be sought. But where the modification or amendment materially changes the original order or judgment, the limitation period is said to run from the time of such modification or amendment."); Rice v. Freeman, 939 So. 2d 1144, 1146 (Fla. 3d DCA 2006) ("Florida follows the majority rule that, where a judgment is amended in a material respect, the appeal time runs from the date of the amendment, provided the amendment is material, not minor or formal.") (quoting DeGale v. Krongold, Bass

2

& Todd, 773 So. 2d 630, 631-32 (Fla. 3d DCA 2000)).

The record reflects that the final judgment and the sanctions judgment in the instant case incorrectly referred to the defendant as Yellow Cab, Inc., rather than Yellow Cab Company as set forth in the complaint and the motion to dismiss the complaint. The trial court therefore amended the sanctions judgment and the final judgment to reflect the correct name of the defendant, Yellow Cab Company, as reflected in the plaintiff's complaint and confirmed by Yellow Cab Company in its motion to dismiss the complaint.

In DeGale, this Court addressed a similar situation and concluded that, because the amended final judgment was entered to reflect the correct spelling of a party's name, "[t]he effect of the amendment was to correct mere clerical errors, which had no impact on the rights of the parties or the finality of the trial court's original final summary judgment." Thus, this Court found that the amendment was not material, and therefore, the time for filing the appeal began to run when the initial final judgment was rendered, not when the amended final judgment was rendered. Accordingly, the appeal was dismissed as untimely filed.

As reflected above, the situation in this case is similar to the situation in DeGale—a judgment was amended to reflect the correct name of a party as properly stated in both the complaint and in the motion to dismiss. Thus, the amendment to the sanctions judgment is not material because it merely corrects

3

clerical errors, and because the time for filing the appeal began to run in June 2014, when the initial sanctions judgment was rendered, the appeal in the instant case was untimely filed.

Appeal dismissed.