# Third District Court of Appeal

## State of Florida

Opinion filed April 3, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1497
Lower Tribunal No. 11-3727
_____


**Francesca Bazzichelli,**
Appellant,

vs.

**Deutsche Bank Trust Company Americas, etc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

The AJM Law Group, P.A. and Alix J. Montes, for appellant.

Baker, Donelson, Bearman, Caldwell & Berkowitz and Eve A. Cann (Fort Lauderdale), for appellee.


Before SALTER, LINDSEY, and MILLER, JJ.

SALTER, J.

The borrower/defendant in a residential foreclosure case, Francesca Bazzichelli, appeals a post-judgment order denying her "Amended Objection to Issuance of Certificate of Title [and] Motion to Vacate Amended Final Judgment and February 2017 Sale," entered in July 2018. The final judgment of foreclosure was entered in April 2014 and amended to reflect a change in the name of the plaintiff (appellee here) five months later.

Following Ms. Bazzichelli's bankruptcy proceedings and a foreclosure sale in February 2017, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS7 ("Deutsche Bank"), moved to re-open the case to amend its name in the final judgment of foreclosure and certificate of title. Deutsche Bank alleged that the use of an erroneously-abbreviated name for Deutsche Bank in those documents had created an inadvertent title impediment affecting Deutsche Bank's sale of the property to a bona fide purchaser.

Though not denominated as such in the caption or body of the motion, the motion fits comfortably within the rule and case law applicable to the correction of "[c]lerical mistakes" in "judgments, decrees, or other parts of the record and errors therein arising from oversight or omission," which "may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." Fla. R. Civ. P. 1.540(a); see also Keller v.

2

Becher, 256 So. 2d 561, 563 (Fla. 3d DCA 1971) ("clerical mistakes include only errors or mistakes arising from accidental slip or omission and not errors or mistakes in the substance of what is decided by the judgment or order."). Name changes are permitted under Rule 1.540(a) at any time. Howard v. State, 139 So. 3d 975, 977 (Fla. 4th DCA 2014).

Ms. Bazzichelli neither alleged nor proved that the amendment altered the substance of the final judgment of foreclosure or the certificate of title as to her. We also reject her further argument that she should be allowed to use the July 2018 order approving the amendment to the final judgment as a new occasion for seeking to have the entire foreclosure judgment and subsequent certificate of sale vacated. As the trial court properly ruled, any errors in the substance of the final judgment or the 2017 amendment should have been (but were not) raised on appeal from those rulings. See DeGale v. Krongold , Bass & Todd, 773 So. 2d 630, 632 (Fla. 3d DCA 2000). Ms. Bazzichelli's motion to vacate was properly denied.

Affirmed.