# Third District Court of Appeal
## State of Florida

Opinion filed November 30, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0899
Lower Tribunal No. 16-7099
_____

**Richard Dimosi Diasolwa,**
Appellant,

vs.

**Alexa Burneikis,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David Young, Judge.

Nancy A. Hass, P.A., and Nancy A. Hass (Ft. Lauderdale), for appellant.

Marks & West, P.A., and Evan R. Marks, and Carolyn W. West; Shutts & Bowen, LLP, and Jennifer E. Reisler (West Palm Beach), and Julissa Rodriguez, and Garrett A. Tozier (Tampa), for appellee.

Before SCALES, LINDSEY, and BOKOR, JJ.

LINDSEY, J.

## On Motion to Dismiss

Appellant Richard Dimosi Diasolwa (the "Father") appeals from an Amended Final Judgment of Paternity. Appellee Alexa Burneikis (the "Mother") has filed a motion to dismiss for lack of jurisdiction on the basis that the Father did not timely appeal the operative October 22, 2019 Final Judgment. The Father claims he never received notice of the October Final Judgment. Because the appeal is untimely, we are compelled to dismiss.

This is a paternity action. The primary disputes below involved the parties' child support obligations and the child's legal name. On October 22, 2019, the trial court rendered a Final Judgment.[1] The Father did not appeal the Final Judgment within 30 days, nor did he file a timely post-judgment motion that would toll rendition. See Fla. R. App. P. 9.110(b) ("Jurisdiction of the court under this rule [to review final orders] shall be invoked by filing a notice, accompanied by any filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed . . . ."); see also Fla. R. App. P. 9.020(h)(1) (listing motions that toll rendition, so long as they are authorized and timely filed).

---

[1] "An order is rendered when a signed, written order is filed with the clerk of the lower tribunal." Fla. R. App. P. 9.020(h).

2

On November 25, 2019, the Mother requested correction of a typographical error in the Final Judgment.[2] Specifically, the signing date was incorrectly written with the wrong year, 2020 instead of 2019. Also on November 25, 2019, counsel for the Father sent an email to the judicial assistant claiming he never received a copy of the Final Judgment:

> Please be advised that counsel for the Father has never received a signed Final Judgment by the Court. Much to my surprise, a Final Judgment seems to be entered by the Court on October 22, 2019. I have checked all of my emails on my email designation and no emails from the Court have been received. Please advise as to where the Court sent this Final Judgment as the Father and his counsel never received any notice.

Despite claiming not to have received notice of the Final Judgment, the Father did not file a motion for relief from judgment pursuant to Florida Family Law Rule of Procedure 12.540(b)(4),[3] which is the established procedure for challenging a judgment entered without notice. See, e.g., Lamoise Grp., LLC v. Edgewater S. Beach Condo. Ass'n, 278 So. 3d 796, 799 (Fla. 3d DCA

---

[2] This cannot be considered a timely motion to amend, which would toll rendition, because a timely motion to amend must be filed within 15 days of rendition of the final order. See Fla. Fam. L. R. P. 12.530(h).

[3] "On motion and on such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) that the judgment is void . . . ." Fla. Fam. L. R. P. 12.540(b)(4).

2019) ("Generally, a judgment is void . . . (3) if, in the proceedings leading up to the judgment, there is a violation of the due process guarantee of notice and an opportunity to be heard." (quoting Nationstar Mortg., LLC v. Diaz, 227 So. 3d 726, 729 (Fla. 3d DCA 2017))); see also Philip J. Padovano, 5 Fla. Prac., Civil Prac. § 13:8 (2022 ed.) ("It is a well established principle that a judgment entered without notice is void."). Consequently, the trial court never determined whether the Father had notice, and the October 22, 2019 Final Judgment still stands.

The trial court rendered an Amended Final Judgment on November 25, 2019, which fixed the typographical error but is otherwise the same as the October Final Judgment. It is from this Amended Final Judgment that the Father attempts to invoke this Court's appellate jurisdiction.[4] But because the Amended Final Judgment only fixes a typographical error, the operative judgment is still the October Final Judgment. Consequently, the Amended

---

[4] The Father filed a motion for rehearing below directed at the Amended Final Judgment. He then appealed within 30 days of the order on rehearing. However, since the operative judgment is the October Final Judgment, the Father's motion for rehearing was untimely. See Padovano, supra, at § 2:4 ("A motion can suspend rendition only if it is directed to the order that is the subject of the appeal. If the motion is directed to another order entered after the final order, the time for filing an appeal from the final order will continue to run. For example, if a party files a motion for rehearing that is directed to an amended final judgment, the motion will not extend the time for filing an appeal from the judgment itself." (footnote omitted)).

Judgment cannot be treated as a new final judgment for the purposes of appellate jurisdiction.  See, e.g., DeGale v. Krongold, Bass & Todd, 773 So. 2d 630, 631–32 (Fla. 3d DCA 2000) ("Florida follows the majority rule that, where a judgment is amended in a material respect, the appeal time runs from the date of the amendment, provided the amendment is material, not minor or formal. . . . The effect of the amendment was to correct mere clerical errors, which had no impact on the rights of the parties or the finality of the trial court's original final summary judgment and order for purposes of appeal."); Padovano, supra, at § 2:4 ("Of course, an amended judgment is appealable in its own right to the extent that it adjudicates an issue not addressed in the original judgment.  However, unless there has been a material change, the scope of review on appeal from an amended final judgment is limited to the new issues adjudicated by the amended judgment.").

We are therefore compelled to dismiss the appeal as untimely.  Our dismissal is without prejudice to the Father seeking relief from judgment below pursuant to Florida Family Law Rule of Procedure 12.540(b).[5]

Motion to dismiss granted; appeal dismissed.

---

[5] We express no opinion on the merits of a motion for relief from judgment.