# Third District Court of Appeal

## State of Florida

Opinion filed December 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1497
Lower Tribunal No. 22-CA-83-K
_____

**Tamera Z. Fletcher, et al.,**
Appellants,

vs.

**Board of County Commissioners
of Monroe County, Florida, etc.,**
Appellee.


An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Michael Garcia, P.A., and Michael Garcia (Ft. Lauderdale), for appellants.

Vose Law Firm LLP, Gretchen R.H. Vose and Wade C. Vose (Winter Park), for appellee.


Before EMAS, FERNANDEZ, and LINDSEY, JJ.

LINDSEY, J.

Appellants, Tamera Z. Fletcher and Alexander C. Fletcher (collectively "Fletcher"), Defendants below, appeal the trial court's July 25, 2024, Agreed Amended Final Judgment of Foreclosure (the "Amended Final Judgment"). On November 13, 2025, this Court issued an Order directing Fletcher to show cause as to why this appeal should not be dismissed for lack of jurisdiction (the "Order to Show Cause"). The Order to Show Cause cited to DeGale v. Krongold, Bass & Todd, 773 So. 2d 630, 632–33 (Fla. 3d DCA 2000) (dismissing appeal from amended order as untimely where issue on appeal was "directed solely at alleged errors contained in the original judgment and order").

Fletcher's November 24, 2025, Response to the Order to Show Cause ("Fletcher's Response") does not address the jurisdictional issue in DeGale. Instead, Fletcher's Response solely argues that the Amended Final Judgment materially changed the trial court's July 16, 2024, Final Judgment of Foreclosure (the "Original Final Judgment"), and therefore, the period to file the Appeal on the Amended Final Judgment began to run on July 25, 2024, not on July 16, 2024.[1]

---

[1] Fletcher's Response notes that "[t]he parties agreed that Appellants would hold off on filing the Notice of Appeal regarding the Final Judgment because it would divest the Lower Tribunal's jurisdiction to Amend the Final Judgment." This agreement is immaterial as it relates to our jurisdictional analysis because "[a] jurisdictional rule cannot be altered by the court or by agreement of the parties." Metellus v. State, 900 So. 2d 491, 495 (Fla. 2005).

2

Fletcher's argument is immaterial because whether the Amended Final Judgment materially modified the Original Final Judgment is not the dispositive jurisdictional issue here. This is because even if an amended final judgment materially modifies an original final judgment, an appellate court's jurisdiction on appeal of the amended final judgment is limited only to reviewing the amended portions of that judgment. See Caldwell v. Wal-Mart Stores, Inc., 980 So. 2d 1226, 1229 (Fla. 1st DCA 2008) (emphasis added) ("It is true that a party may appeal an amended judgment that makes a material change in the original judgment, **but even then, the appeal is limited to the amended portions of the judgment** and does not call up for review errors in the original."); Dawson v. Hernandez, 300 So. 3d 248, 251 (Fla. 4th DCA 2020) (quotations omitted) ("[A] party may appeal an amended judgment that makes a material change in the original judgment, [although] the appeal is limited to the amended portions of the judgment and does not call up for review errors in the original."); St. Moritz Hotel v. Daughtry, 249 So. 2d 27, 29 n.1 (Fla. 1971) ("[W]hether or not the second order made a substantive change in the original order would be immaterial if petitioner did not challenge the second order, but was concerned only with alleged errors in the first order."); see also, e.g., DeGale, 773 So. 2d at 632–33; Sitaram v. Alley, 325 So. 3d 919, 920–21 (Fla. 5th DCA 2020) (dismissing for lack of jurisdiction and finding appeal of amended order was untimely where

3

appellant only challenged rulings in the original order and the amended order did not "revive" these portion of the original order).

As such, for our purposes the dispositive jurisdictional issue is whether Fletcher's appeal of the Amended Final Judgment is limited to the amended portions of that Judgment. It is not. Fletcher's appeal calls up for review alleged errors in the Original Final Judgment.

Here, the Amended Final Judgment mirrors the Original Final Judgment in all respects, except for removing an additional property from the list of properties to be sold at the judicial sale. Yet Fletcher's challenge on appeal of the Amended Final Judgment is not based on the additional property's removal. Instead, Fletcher's challenge is directed solely at alleged errors contained in the Original Final Judgment, specifically, the January 30, 2024, summary judgment order finding Fletcher's affirmative defenses were impermissible. Cf. Caldwell, 980 So. 2d at 1229; Dawson, 300 So. 3d at 251. Fletcher's Response does not address this jurisdictional defect. Accordingly, we dismiss this appeal for lack of jurisdiction. See DeGale, 773 So. 2d at 632–33; Sitaram, 325 So. 3d at 920–21.

Dismissed.