P. T. McGriff, Plaintiff in Error, vs. R. A. Ried,
Defendant in Error.

1. The rule is settled in this State that a judgment rendered at one
   term may be amended *nunc pro tunc* at a subsequent term
   when from an inspection of the record in the case it is apparent
   that the proposed amendment would have been a part of the
   original judgment, or that the original judgment would have
   been in accordance therewith, had it not been for the inadver-
   tance of the court, or an error or omission of the clerk.
2. In this action of replevin, brought and determined before the
   adoption of the Revised Statutes, in which the property in-
   volved had been delivered to the defendant under a forthcom-
   ing bond, the verdict was: "We, the jury, find for the plain-
   tiff, and assess damages at one hundred and forty dollars; so
   say we all." The judgment was for the recovery of said dam-
   ages and costs, and awarded execution accordingly. More
   than two years afterward the plaintiff moved the court to
   amend the judgment *nunc pro tunc* so as to make it also for
   the property itself, and awarding a writ of possession for the

same: *Held,* That by the statute then in force the successful plaintiff in an action of replevin has his election to take a judgment for the value of the property and to sue out an execution thereon, or for the property itself and to sue out a writ of possession, but that he could not have both. The verdict and original judgment being clearly not for the property itself, we must presume in favor of the judgment, that the plaintiff exercised his legal right to take a judgment for the value of the property. He is bound by his election. The proposed amendment would make the judgment a double one, both for the value of the property and the possession of it. It would be illegal, not in accordance with the verdict or the statute then in force. The judgment does not appear to have been one in which there was any judicial inadvertence or clerical mistake. It was the proper judgment to have been entered in the case, and the motion to amend it should not have been allowed.

Writ of Error to the Circuit Court for Suwannee county.

The facts in the case are stated in the opinion of the court.

*F. L. Rees,* for Plaintiff in Error.

No Appearance for Defendant in Error..

LIDDON, J.:

The defendant in error was the plaintiff in the Circuit Court in an action of replevin, and at the May term, 1888, recovered a judgment against the plaintiff in error, who was the defendant in the lower court. The verdict in the case was as follows: "We, the jury, find for the plaintiff, and assess damages at one hundred and forty dollars; so say we all." The judgment entered upon this verdict was "that the plaintiff, Robert A. Ried, do have and recover of and from the defendant, P. T. McGriff, the sum of one hundred and

forty dollars damages, and the further sum of $14.42 as costs in this behalf, for which execution may issue. On August 5th, 1890, at a term of the court then in session, the plaintiff moved the court "to make the following entries *nunc pro tunc*" in said judgment, "which were omitted therefrom," *viz:* "the property described in plaintiff's declaration, and that he have a writ of possession therefor," immediately preceding the words "the sum of." On the 7th of said month the court granted the motion. It does not appear that any notice of these proceedings was given to the defendant, or that he had any actual knowledge of the same. At the Fall term, 1891, of the court the defendant moved to amend the same judgment by striking therefrom the amendment thereto which had been made as above stated on motion of the plaintiff, and the court overruled the motion, to which defendant excepted. The grounds upon which the defendant sought to strike the previous amendment were: (1) the verdict did not find that the plaintiff was entitled to the possession of any property; (2) that said amendment was not warranted by law, and (3) that the same was an injustice to the defendant.

The errors assigned here are, the allowing of the plaintiff's amendment, and refusing to allow the defendant's. The writ of error was sued out more than two years from the entry of the original judgment. No attack was made upon this judgment, and it is admitted that it must stand. The only question arises upon the amending of such judgment. The rule is settled in this State that a judgment rendered at one term may be amended *nunc pro tunc* at a subsequent term, when, from an inspection of the record in the case, it is apparent that the proposed amendment would have been a part of the original judgment, or that the

original judgment would have been in accordance there-with, had it not been for the inadvertence of the court, or an error or omission of the clerk. Adams vs. Requa, 22 Fla. 250; Higgins vs. Driggs, 21 Fla. 103. The question then before us is whether, upon an inspection of the record, it appears that the matter of the amendment allowed by the court could have been properly made a part of the original, except for inadvertence upon the part of the court, or is a clerical error or omission. The only ground upon which the amendment was allowed was that the matter had been omitted from the judgment. The proceedings in this case in the Circuit Court were before the adoption of the Revised Statutes of this State, and were regulated by the acts compiled in McClellan's Digest. It appears from the record that the property in dispute had been delivered to the defendant under a forthcoming bond, in accordance with section 5, p. 860 McClellan's Digest. Therefore the proceedings were regulated by section 17, pp. 862–3 McClellan's Digest. This section reads as follows: "On the trial of any action of replevin when the property has been re-delivered to the defendant in replevin, the same proceedings shall be had as are now provided by law, except that when the plaintiff in replevin shall maintain his suit, it shall be at his option to take judgment for the value of the property, and sue out execution therefor, or take judgment for the property itself and sue out a writ of possession, and whenever the officer to whom said writ of possession is directed shall be unable to find said property, and shall so return said writ of possession, then the plaintiff in replevin may immediately sue out execution against both principal and sureties on the bond hereinbefore provided for, for the value of the property so replevied."

The verdict is somewhat indefinite. We take it, however, that it appears with reasonable certainty that the damages allowed by the jury were for the value of the property. The plaintiff has his election to take a judgment for the value of the property, and to sue out execution thereon, or for the property itself, and to sue out a writ of possession. He can not take both. The verdict is clearly not for the property itself. It is either for the value of the property, or it is no verdict at all upon which a judgment could be entered in the case. All intendments being in favor of the judgment, we think it best to construe the verdict as one for the value of the property. The record being silent upon the point, we must presume in favor of the judgment that the plaintiff exercised his legal right to elect to take a judgment for the value of the property. But the amendment would make the judgment a double one, both for the value of the property and for the possession of it. It would be an illegal judgment, and not in accordance with the verdict, or the statute in such cases. The plaintiff having elected to take a judgment for the value of the property, is bound by his election. The judgment does not appear to be one in which there was any inadvertence by the court, or clerical mistake. It is the proper judgment to have been entered upon the verdict. The judgment to be valid must follow the verdict. Holliday vs. McKinne, 22 Fla. 153; 1 Black on Judgments, 186.

The orders allowing the amendment of the plaintiff, and refusing to allow the amendment of the defendant, are reversed.