R. R. RICOU AND SONS COMPANY, A CORPORATION, *Appellant*, v. A. D. MERWIN AND HIS WIFE, MABELLE L. MERWIN; A. H. WARNER AND HIS WIFE, ANNA C. WARNER; JULIA S. POPE, FRANK W. POPE, AND HIS WIFE, MARIA D. POPE; JOHN H. POPE, CHARLES S. POPE AND HIS WIFE, STELLA POPE; D. RANDALL POPE AND HIS WIFE, RUTH POPE; JULIA SKILLEN AND HER HUSBAND, GEORGE A. SKILLEN, AND SEMINOLE BANK, A CORPORATION, UNDER THE LAWS OF THE STATE OF FLORIDA, *Appellees.*

Division A.

Opinion Filed June 28, 1927.

*Dame* and *Rogers,* for appellant;

*Geo. P. Garrett,* for Appellees.

BROWN, J.—This case is before us on motion of certain appellees to dismiss appeal, and their suggestion of diminution of record, with motion for certiorari, and motion of appellant for certiorari, etc. The ground of the motion to dismiss is that the decree appealed from was subsequently amended as to the description of the lands in controversy, as set forth in the suggestion of diminution of record, thus making the subsequent decree the final decree.

The final decree appealed from was, according to the copy in the record, rendered and signed on June 30, 1926; the transcript, however, showing that it was filed and recorded on June 5, 1926. An appeal was taken to this decree on December 29, 1926, which was within six months from the purported date of the decree, but more than six months from the date the record shows it to have been filed and recorded. Section 3168, Revised General Statutes 1920, requires appeals to be taken within six months from the entry of the decree. If the date of the signing of the decree is correct it must have been filed and recorded July 5, 1926, instead of June 5th, as shown by affidavit of counsel for appellant in connection with their motion for certiorari to bring up the motion to amend. This inconsistency is not explained by the record itself, but as the appellees who are seeking the dismissal of the appeal do not base their motion upon this ground, and only ask it upon the ground above mentioned, we will not at this time further consider this

feature of the record. These motions are not filed in strict accordance with rules Four and Fourteen of Supreme Court Practice, as to time of filing, but may well be denied on the merits also.

The bill and answer in this case involve a controversy with regard to certain lands and both pleadings set forth the same description of said lands, which description, among other things, shows that the lands were in ''Township 37 South of Range 41 East.'' The final decree appealed from contained the same description except that it gave the Range number as 42 instead of 41. The amendatory decree of October 7, 1926, filed and recorded October 12, 1926, as shown by certified copy thereof attached to the Suggestion of Diminution of Record, merely has the effect of correcting this manifest clerical error, *nunc pro tunc.*

This order of October 7th recites that it was made on motion of the same defendants who as appellees are seeking to have the appeal dismissed on the ground that this order should be considered as the final decree in the case. The order goes on to recite that ''it appearing that said decree was in error in describing the township and range of said lands, it is hereby considered that said final decree be and the same is hereby amended *nunc pro tunc* so that said final decree shall describe the township and range as Township 37 South, Range 41 East,'' and orders the clerk to amend the final decree accordingly.

This order was in no sense a final decree and the correction of the clerical error made by it relates back to the date of the entry of the final decree and made it as if the defect had never existed. The original final decree as corrected remained the final decree appealed from, and certainly the parties who had the correction made, the final decree being in their favor, cannot complain because it does not appear to have been made with notice to complainant, appellant

here; if indeed the correction by the court of clerical errors or misprisions, inadvertently made, in its own judgments or decrees, required any such notice.

That a court of record may, even after the term has expired, correct clerical mistakes in its own judgments and records, *nunc pro tunc,* and that such corrections generally relate back and take effect as of the date of the judgment, decree, order, writ or other record so corrected, is well settled. Adams v. Higgins, 23 Fla. 13, 1 South. Rep. 321; McGriff v. Reid, 37 Fla. 51, 19 South. Rep. 339; Nichols v. Walton, 82 Fla. 385, 90 South. Rep. 157; Sawyer v. State (Fla.), decided at the present Term, 1927; Wilmerding v. Corbin Banking Co., 126 Ala. 268, 28 South. Rep. 640; 15 R. C. L. 679-682; 21 C. J. 709; 34 Cyc. 235; 5 Am. & Eng. Ency. Pleading and Practice 1053. A clerical error in the description of lands in a judgment of foreclosure may be so corrected. Kennedy v. Knight, 21 Wis. 340, 94 Am. Dec. 543.

It has also been held that a court of record has the inherent power to correct clerical mistakes in its own records by orders *nunc pro tunc* even after appeal upon the ground that while by appeal it loses jurisdiction of the case it does not of its record and may still correct formal clerical errors and mistakes inadvertently made. See 3 C. J. P. 1265, *et seq.,* and cases cited.

For these reasons appellees' motion to dismiss will be denied; nor is it necessary to grant appellees' motion for certiorari to bring up the amendatory order made in connection with the suggestion as to diminution of the record, nor appellant's motion for certiorari to bring up the motion for such amendment, as a certified copy of the amendatory decree is attached to the first named motion, which could be considered in connection with the record on this appeal. This order sufficiently shows that the amendment was made

on motion of appellees, as well as the nature and character of the amendment moved for and granted. For these and other reasons all motions will be denied.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.