PEARSON, Judge.
The question presented by this interlocutory appeal is whether a successor judge may upon motion “clarify” a final judgment dissolving a marriage so that the additional obligations will relate back to the time of the entry of the final judg *64 ment. We hold that the successor judge may modify a judgment pursuant to F.S. 61.14, F.S.A., but that he may not make substantial changes in the obligations of the parties other than upon the grounds and under the procedure set forth in the statute. See Lawyers Co-Operative Pub. Co. v. Williams, 149 Fla. 390, 5 So.2d 871 (1942); Mintz v. Ellison, Fla.App.1970, 233 So.2d 156.
The final judgment was entered on December 13, 1971. It provided:
* * * * * *
“5. That the Respondent shall pay to the Petitioner the sum of $135.00 per month as child support for the two minor children, payable on the 15th day of each and every month, beginning December 15, 1971; and the Respondent is required to pay the medical bills for the minor children for which he is reimbursed by medical insurance and the Respondent shall maintain in effect the present hospitalization insurance for the benefit of the minor children.”
* * * * * *
Appellee-wife’s motion recites only that “a difference of opinion has arisen between herself and the Respondent, with regard to the interpretation of Paragraph 5 of said Final Judgment”. The successor judge found the “intent” of the prior judge and ordered:

“1. That the Respondent is to pay the medical bills incurred prior to December 13, 1971, in the sum of $365.22, and that he shall also pay the medical bills for the minor children incurred subsequent to December 13, 1971, in the sum of $602.-23, and shall also be required to pay the medical bills for said minor children henceforth.”
* * * * * *
The order appealed must be reversed without prejudice to the appellee to proceed under the statute.
Reversed.