333 So.2d 106 (1976)
John DE BAUN, Appellant,
v.
Winifred J. De Baun MICHAEL, Appellee.
No. 75-1778.
District Court of Appeal of Florida, Second District.
June 9, 1976.
*107 Charles R. Holley, Naples, for appellant.
Ray A. Morrissey, Jr., Naples, for appellee.
PER CURIAM.
The issue raised by this appeal is the propriety of an order amending a judgment of dissolution of marriage nunc pro tunc.
Appellant/husband, who initiated the dissolution proceeding, had requested an adjudication of all rights of the parties in their real, business and personal property. The wife counterclaimed for a special equity in a jointly held trailer park, as well as for alimony and custody of the couple's minor child.
At the final hearing on July 8, 1975, the trial court was informed that the parties had entered into a stipulation which they had not yet reduced to writing. Counsel for the wife then dictated into the record the oral agreement settling the rights of the parties with respect to two jointly held residences and the trailer park, and the issues of custody and child support. It was agreed that the wife would manage the trailer park for compensation, but the amount thereof was not specified. This stipulation was to be incorporated into a "further agreement" to be submitted to the court as soon as possible. Counsel for the husband stated that the final judgment dissolving the marriage was to be executed that day and the "other matters" were to be reserved at the court's discretion. Testimony of the parties established their concurrence in the stipulation.
*108 The final order, signed by the judge and approved by both parties, contained a provision reserving jurisdiction to adjudicate all matters relating to property settlement, support, alimony, attorney's fees, costs, and suit money at a later date.
In October 1975 the appellant filed motions requesting relief from the stipulation on various grounds, an accounting of the appellee's management of the trailer park, the production of records relevant thereto, leave to amend his pleadings, and a trial on those matters as to which the court had reserved jurisdiction. Appellee cross-filed a motion for a restraining order.
Arguments were heard on November 10, 1975, but the lower court declined to rule on the motions. Instead, he found that he had not intended to retain jurisdiction to consider these matters, and that the reservation of jurisdiction in the final judgment was the result of a clerical error. Therefore, ostensibly pursuant to Rule 1.540(a), RCP,[1] the court on its own motion then entered an order nunc pro tunc amending the final judgment of July 8, 1975, by striking the paragraphs reserving jurisdiction and substituting a new paragraph ratifying the stipulation of the parties. This appeal ensued. We reverse.
It has long been settled that the function of an entry nunc pro tunc is to correct the record to reflect a prior ruling made in fact but defectively recorded.[2] This indeed is the underlying rationale of Rule 1.540(a), supra. However, where an order does not merely correct clerical errors or omissions, but actually modifies the substance of a prior ruling or of itself constitutes a ruling not previously made in fact, it should not be given retrospective effect.[3]
The record reflects that the parties intended to enter into a written stipulation incorporating what had been agreed upon in open court. Since the dissolution was being granted at that time, it was advisable for the judgment of dissolution to contain a specific reservation of jurisdiction in order that no one could question the propriety of a subsequent judgment which would contain the subject matter of the stipulation.[4] The order of November 10, then, did not correct a "mistake"; rather it adjudicated anew. Specifically, the court attempted retrospectively to renounce jurisdiction it had previously expressly reserved. This it cannot do.
Accordingly, the order appealed from is reversed, and the cause is remanded for the court to hold a further hearing to adjudicate the matters reserved in the judgment of dissolution. At this hearing the court will have the opportunity to consider the appellant's plea for relief from the stipulation and at the same time to decide whether the stipulation or any portion thereof should be incorporated into the final judgment and to decide any other matters which are included within the reservation but not covered by the stipulation.
McNULTY, C.J., and HOBSON and GRIMES, JJ., concur.
NOTES
[1] Clerical Mistakes. Clerical mistakes in judgments, decrees or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders... ."
[2] See, e.g., R.R. Ricou & Sons Co. v. Merwin (1927), 94 Fla. 86, 113 So. 745; Florida Development Co. v. Polk County National Bank (1919), 76 Fla. 629, 80 So. 560; Becker v. King (Fla.App. 4th, 1975), 307 So.2d 855.
[3] See Floyd v. Floyd (Fla.App. 3d, 1973), 281 So.2d 63; McKendree v. McKendree (Fla.App. 1st, 1962), 139 So.2d 173.
[4] See Hyman v. Hyman (Fla.App. 2d, 1975), 310 So.2d 378.