CHARLES H. ARMSTRONG, JR. v. ANTOINETTE B. ARMSTRONG

No. 7821DC681

(Filed 1 May 1979)

**Divorce and Alimony § 28— Florida divorce orally granted—subsequent written order—effective date of divorce**

   Where a Florida court orally granted defendant's first husband a divorce from defendant on 25 September 1964, plaintiff and defendant were married on 1 January 1965, a final decree of divorce was filed by the Florida court in written form on 1 September 1965, and an order was entered *nunc pro tunc* in the Florida action on 6 May 1977 making the effective date of the final decree 25 September 1964, the Florida judgment of final divorce was effective as of 25 September 1964 and was entitled to full faith and credit from that date, and plaintiff's marriage to defendant on 1 January 1965 was therefore valid.

   APPEAL by defendant from *Alexander (Abner), Judge.* Judgment entered 3 April 1978 in District Court, FORSYTH County. Heard in the Court of Appeals 23 April 1979.

   On 25 September 1964, defendant in the instant action was party defendant in a divorce proceeding in the Florida courts, in which she was divorced from her husband, the court orally granting complete and final divorce to the parties. On 1 January 1965, plaintiff and defendant were married in Winston-Salem, North Carolina. On 1 September 1965, a final decree of divorce was filed in written form by the trial court in the Florida action. This order was subsequently amended 6 May 1977 by entry of an order *nunc pro tunc* making the effective date of the final decree 25 September 1964. As of that date, all jurisdictional and statutory prerequisites had been met for the granting of a final decree of divorce in the Florida courts. On 31 October 1977, plaintiff and defendant entered into a separation agreement, signed by them both, purporting to delineate the rights and interests of the parties. The present action was begun by plaintiff 30 December 1977

to have the marriage declared null and void pursuant to N.C. Gen. Stats. §§ 50-4 and 51-3. On 6 February 1978, plaintiff moved for summary judgment, asserting that, on the uncontested facts of record, his marriage to defendant was void *ab initio* in that a final decree of divorce had not been granted to defendant at the time he married her and that the order *nunc pro tunc* entered in the Florida action was ineffective to validate the marriage.

The trial court granted plaintiff's motion for summary judgment and defendant appeals.

*Pettyjohn & Molitoris, by Theodore M. Molitoris, for the plaintiff.*

*Wright and Parrish, by Carl F. Parrish, for the defendant.*

MARTIN (Robert M.), Judge.

The sole question before us is as to the validity of plaintiff's marriage to defendant.

The facts being uncontroverted and the only question before the trial court being the conclusion in law that would necessarily flow from those facts, this matter was an appropriate one for summary judgment. However, the trial court erred in entering summary judgment for plaintiff and we reverse that order, remanding the cause for entry of summary judgment in favor of defendant on this issue.

Both parties concede that the sequence of dates enumerated in the facts above (*i.e.*, first hearing on defendant's divorce action in the Florida courts 25 September 1964, marriage of plaintiff and defendant 1 January 1965, entry of written final order in defendant's Florida divorce proceeding 1 September 1965, and entry of order *nunc pro tunc* in the Florida action 6 May 1977) is of central importance to the resolution of the question. However, the parties differ diametrically as to the proper interpretation to be given in law to the series of events. The trial court agreed with plaintiff and found that his marriage to defendant was bigamous and therefore void from its inception. We find this was error.

Counsel have included in the record of the instant action a transcript of the defendant's divorce proceeding which took place in the Florida courts in 1964. That transcript contains sworn

testimony by the parties thereto and from other witnesses. It further includes an oral rendition of judgment by the trial court. This transcript reveals that defendant had met the statutory and jurisdictional prerequisites for the granting of a final decree of divorce in Florida, and that the trial court stated in open court and of record "[t]he Plaintiff is granted a complete divorce from the Defendant . . . ." "Defendant" in that action was the same person who is now defendant in the case *sub judice.*

No explanation appears in that record to account for the elapse of almost one year between the oral rendition of judgment and the filing of a written final judgment in the matter. There can be no question, however, that defendant was eligible for and was awarded a divorce as of 25 September 1964. Indeed, as no collateral attack, proper or otherwise, is made upon the regularity or validity of the Florida proceedings we could not entertain any such question. The contention that the written reduction of the trial court's oral rendition of judgment containing an effective date other than 25 September 1964 was error is buttressed by the Florida court's subsequent action in entering on its own motion an order *nunc pro tunc* substituting 25 September 1964 for the effective date of the 1965 final decree.

Our study of the appropriate Florida authorities indicates that, while a judgment must be ultimately reduced to written form for purposes of appellate review, oral rendition will not otherwise affect a judgment's validity or authority as the judgment of the court. *Becker v. King*, Fla. App., 307 So. 2d 855 (1975). Where, as was apparently the case here, the final written rendition of judgment contains clerical errors or inconsistencies with the prior oral or other rendition of judgment by the court, an entry of an order or judgment *nunc pro tunc* is the appropriate means by which to correct such errors. The order *nunc pro tunc* will be given retrospective effect, in a manner similar to the legal fiction of relation back, where that order does not make any substantive change in the judgment being amended or does not of itself constitute a ruling not previously made. *See De Baun v. Michael*, Fla. App., 333 So. 2d 106 (1976); 31 West's Fla. Stats. Ann. Rules of Civil Procedure 1.540(a). We conclude that the *judgment* of the Florida tribunal was rendered orally 25 September 1964, that the written reduction of that rendition of judgment contained, for whatever reason, an erroneous effective date, and

that the Amended Final Decree filed 6 May 1977 in that proceeding properly corrected that error. Accordingly, the Florida judgment of final divorce was effective as of 25 September 1964, and from that date was entitled to full faith and credit in our North Carolina courts. Defendant's marriage to plaintiff 1 January 1965 was therefore valid, and judgment should have been entered below to that effect.

The order of the trial court allowing summary judgment in favor of plaintiff declaring his marriage to defendant bigamous and void *ab initio* is reversed. The cause is remanded for entry of summary judgment declaring that marriage to be valid, and for further proceedings not otherwise inconsistent with this opinion.

Reversed and remanded.

Judges CLARK and ARNOLD concur.