[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14596
Non-Argument Calendar

_____

D. C. Docket No. 07-20092-CV-UUB

DERRICK LIVINGSTONE WILLIAMS,

Plaintiff-Appellant,

versus

U.S. DEPT OF HOMELAND SECURITY,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 2, 2008)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Derrick Williams appeals from the dismissal of his complaint seeking review pursuant to 8 U.S.C. § 1421(c) of the denial of his application for naturalization. Williams's application was denied by the Department of Homeland Security, Bureau of Citizenship and Immigration Services for lack of good moral character required under 8 C.F.R. § 316.10(b)(1)(ii) because he had been convicted of an aggravated felony on June 24, 1992.

We review <u>de novo</u> a "district court's grant of a motion to dismiss under [Fed. R. Civ. P.] 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." <u>Castro v. Sec'y of Homeland Sec.</u>, 472 F.3d 1334, 1336 (11th Cir. 2006).

## I. DISCUSSION

In order to be eligible for naturalization, an alien must establish, <u>inter alia</u>, that he, "[f]or all relevant time periods under this paragraph, has been and continues to be a person of good moral character . . . ." 8 C.F.R. § 316.2(a)(7). "An applicant shall be found to lack good moral character, if the applicant has been . . . [c]onvicted of an aggravated felony as defined in section 101(a)(43) of the [Immigration and Nationality] Act on or after November 29, 1990." 8 C.F.R. § 316.10(b)(1)(ii).

2

These rules derive from § 101(f) of the Immigration and Nationality Act ("INA") providing "[n]o person shall be regarded as, or found to be, a person of good moral character who . . . at any time has been convicted of an aggravated felony (as defined in subsection (a)(43) of this section)." See also 8 U.S.C. § 1101(f). The 1990 amendments to the INA that established this permanent, statutory bar to good moral character for aliens convicted of certain enumerated aggravated felonies also limited the application of this amendment to those convictions that occurred on or after the effective date of the Act, November 29, 1990. See Immigration Act of 1990, Pub. L. No. 101-649, § 509(b), 104 Stat. 4978, 5051 (1990); see also Matter of Reyes, 20 I&N Dec. 789, 792 (BIA 1994).

Williams was initially convicted of trafficking in cocaine by a state court in Florida on May 3, 1990. However, following his successful appeal, the final judgments of conviction and sentence were vacated on June 1, 1992. After a new trial, Williams was convicted on June 24, 1992 of trafficking in cocaine, sentenced to pay a $50,000 fine and to be imprisoned for ten years. The judgment of conviction and sentence stated: "DONE AND ORDERED in Open Court at Dade County, Florida this 24th day of June, 1992. NUNC PRO TUNC: May 3, 1990."

On appeal, Williams does not dispute that his conviction qualifies as an

aggravated felony as defined according to § 101(a)(43) of the INA.[1]  Rather, Williams argues that because the judgment of his June 24, 1992 conviction was issued <u>nunc pro tunc</u> to May 3, 1990, the statutory bar to good moral character should not apply to him because the judgment's effective date of May 3, 1990 means that his conviction occurred before the November 29, 1990 effective date of the 1990 amendments to the INA.

Williams's argument would have merit if the state court had issued the judgment on the 1992 conviction <u>nunc pro tunc</u> to correct a clerical error or to document a previously taken action. <u>See</u> <u>Sullivan v. State</u>, 898 So. 2d 105, 107 n.2 (Fla. 2d Dist. Ct. App. 2005) ("A court may correct clerical mistakes in its own judgments and records, nunc pro tunc . . . ").  Here however, Williams successfully appealed his original May 3, 1990 conviction for trafficking in cocaine and as a result the final judgments of conviction and sentence ultimately were vacated on June 1, 1992.  He received a new trial and was convicted for trafficking in cocaine on June 24, 1992.  Although the trial court included the language "NUNC PRO TUNC: May 3, 1990" in Williams's June 24, 1992 judgment, it was not merely correcting a clerical mistake or documenting a previously taken action as there was

---

[1] "[I]llicit trafficking in a controlled substance . . . including a drug trafficking crime" is an "aggravated felony."  8 U.S.C. § 1101(a)(43)(B).

nothing to which the <u>nunc</u> <u>pro</u> <u>tunc</u> order could refer.[2] Accordingly, the district court did not err in concluding that Williams is statutorily barred from establishing good moral character under 8 C.F.R. § 316.10(b)(1)(ii) on the basis that he was convicted of an aggravated felony after November 29, 1990, and thereby dismissing his complaint for failure to state a legal claim on which relief could be granted.

Williams additionally argues that the dismissal of his complaint penalized him for exercising his constitutional right to appeal his conviction, in that had he not appealed his 1990 conviction, he would not be statutorily barred from qualifying for naturalization. The Supreme Court has stated that "the power to make someone a citizen of the United States has not been conferred upon the federal courts . . . as one of their generally applicable equitable powers," but that "it has been given them as a specific function to be performed in strict compliance with the terms of an authorizing statute which says that '[a] person may be naturalized . . . in the manner and under the conditions prescribed in this

_____

[2] We have stated that a "<u>nunc</u> <u>pro</u> <u>tunc</u> order merely recites court actions previously taken but not properly or adequately recorded." <u>Cypress Barn, Inc. v. Western Elec. Co.</u>, 812 F.2d 1363, 1364 (11th Cir. 1987). Florida courts treat <u>nunc</u> <u>pro</u> <u>tunc</u> orders similarly. <u>See, e.g.</u>, <u>Whack v. Seminole Mem'l Hosp.</u>, 456 So. 2d 561, 563-64 (Fla. 5th Dist. Ct. App. 1984) ("[w]hen applied to the entry of a legal order, [a <u>nunc</u> <u>pro</u> <u>tunc</u> order] normally refers, not to a new or <u>de novo</u> decision, but to the trial judge's previous action of which there is not a sufficient record"); <u>Merritt v. Merritt</u>, 802 So. 2d 1206, 1209 (Fla. 2d Dist. Ct. App. 2002) ("where an order does not merely correct clerical errors or omissions, but . . . of itself constitutes a ruling not previously made in fact, it should not be given retrospective effect").

subchapter, and not otherwise.' " I.N.S. v. Pangilinan, 486 U.S. 875, 883-84 (1988) (quoting 8 U.S.C. § 1421(d)) . The Supreme Court acknowledged that an alien can become a U.S. citizen "only upon the terms and conditions specified by Congress" and that the duty of the courts "is rigidly to enforce the legislative will in respect of a matter so vital to the public welfare." Id. at 884. "Neither by application of the doctrine of estoppel, nor by invocation of equitable powers, nor by any other means does a court have the power to confer citizenship in violation of [the limitations set by Congress.]" Id. at 885.

We agree that had Williams's original May 3, 1990 judgment of conviction for trafficking in cocaine and sentence not been disturbed, it in itself would not have been a statutory bar to Williams's establishment of the requisite good moral character for naturalization under § 101(f) of the INA, 8 U.S.C. § 1101(f). However, his subsequent conviction in 1992, following a successful appeal granting him a new trial, has rendered him statutorily ineligible for naturalization. Because we are not at liberty to disregard the statutory terms and conditions that Congress has specified for conferring citizenship, such as those pertaining to the establishment of good moral character, we cannot exercise our equitable powers to confer citizenship where the governing statutes would prohibit the same. Thus, we conclude that the district court did not err in dismissing Williams's complaint for

6

failure to state an equitable claim on which relief could be granted.

## II. CONCLUSION

Because Williams is statutorily barred from establishing good moral character necessary for naturalization due to his June 24, 1992 conviction of an aggravated felony, the district court did not err in dismissing his complaint for failure to state a claim on which relief could be granted. Williams also has not stated an equitable claim on which a court could grant him the relief he is seeking. Accordingly, the district court's order is affirmed.

**AFFIRMED.**