[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10305
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-23952-KMW

DALLAS GOODLOE,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,
STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 13, 2020)

Before JORDAN, NEWSOM and LUCK, Circuit Judges.

PER CURIAM:

Dallas Goodloe, a Florida prisoner, appeals the district court's denial of his second 28 U.S.C. section 2254 petition for a writ of habeas corpus and its denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment. Goodloe argues that: (1) the district court had jurisdiction over his petition because he challenged his sentence as imposed by a new judgment; and (2) the district court erred in denying his petition. We conclude that Goodloe's section 2254 petition was successive, and, therefore, he was required to seek this court's authorization before filing. Because he did not, the district court lacked jurisdiction to deny the petition on the merits. We vacate the district court's orders and remand with instructions to dismiss for lack of jurisdiction.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 1994, after a four-day jury trial, Goodloe was convicted in Florida state court of armed robbery, armed burglary with an assault, and first-degree murder. On March 17, 1994, he was sentenced to life imprisonment for the murder conviction with a twenty-five year minimum mandatory term and concurrent terms of nine years for the other two crimes. Goodloe's direct appeal and state postconviction motion were unsuccessful, so in April 1997, he filed a section 2254 habeas petition in federal court. The district court denied it, and we summarily affirmed. See Goodloe v. Dep't of Corr., 277 F.3d 1376 (11th Cir. 2001) (table).

2

Goodloe returned to state court to pursue other postconviction relief, including filing a motion pursuant to Florida Rule of Criminal Procedure 3.801[1] to correct his sentence to account for jail time he had previously served. The trial court eventually granted his motion and entered an order on September 11, 2015 correcting his sentence to account for time Goodloe served in the county jail before he was sentenced. The order was entered "nunc pro tunc" June 14, 1996.[2]

Without seeking authorization from this court, Goodloe filed the current habeas petition in September 2016. The state moved to dismiss, arguing that Goodloe's petition was "second or successive" and that he had not received the necessary authorization to file it. See 28 U.S.C. § 2244(b)(3)(A). The district court disagreed. It found that Goodloe's petition challenged his "most recent" sentence, which was imposed in September 2015 when the Florida trial court gave him credit for time served in county jail. Thus, according to the district court, Goodloe's 2016

---

[1] In relevant part, rule 3.801 provides, "A court may correct a sentence that fails to allow a defendant credit for all of the time he or she spent in the county jail before sentencing." Fla. R. Crim. P. 3.801(a) (2013).

[2] This date appears to be a clerical error. The Florida trial court sentenced Goodloe on March 17, 1994, and the appellate court affirmed on June 21, 1995. See Goodloe v. State, 656 So. 2d 278 (Fla. 3d DCA 1995) (mem.). The correct nunc pro tunc date should be March 17, 1994. The only event in the record that occurred on June 14, 1996 was the Florida trial court's denial of Goodloe's motion for postconviction relief. See Fla. R. Crim. P. 3.850. In any event, it is undisputed that, in this appeal, Goodloe seeks relief from his life sentence imposed on March 17, 1994 as corrected in September 2015. Additionally, Goodloe filed his first section 2254 petition in April 1997, well after a June 1996 modification to his sentence, if any, occurred. Therefore, whether he challenges the sentence imposed on March 17, 1994 or as modified on June 14, 1996 makes no difference to our analysis.

petition was not "second or successive" to his 1997 one. The district court, however, denied his petition on the merits. Goodloe now appeals.

## STANDARD OF REVIEW

We review de novo whether a petition for a writ of habeas corpus is second or successive. Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc).

## DISCUSSION

Goodloe argues the district court correctly found that his petition was not "second or successive" because the 2015 correction to his jail credit was a new judgment. But our precedent forecloses that argument.

Before filing a "second or successive" section 2254 petition, the petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "When a petitioner fails to seek or obtain such authorization, the district court lacks jurisdiction to consider the merits of the petition." Lambrix v. Sec'y, Fla. Dep't of Corr., 872 F.3d 1170, 1180 (11th Cir. 2017).

"[C]ourts must look to the judgment challenged to determine whether a petition is second or successive." Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014). "The judgment that matters for purposes of section 2244 is 'the judgment authorizing the prisoner's confinement.'" Patterson, 849 F.3d

4

at 1325 (quoting Magwood v. Patterson, 561 U.S. 320, 332 (2010)).  To be entitled to another round of federal habeas corpus review, the petitioner must have obtained "a new judgment intervening between [his] two habeas petitions."  Magwood, 561 U.S. at 339.

But "not all changes to a sentence create a new judgment."  Patterson, 849 F.3d at 1326.  What matters "is not the magnitude of the change, but the issuance of a new judgment authorizing the prisoner's confinement."  Id. at 1326–27.  "An order that relates back to an original sentence merely amends the original order and may not entitle the defendant to vacatur of the original judgment and entry of a new one."  Id. at 1327.  For example, and relevant here, under Florida law, the correction of clerical errors in a sentence "generally relate[s] back" to the original judgment.  Id. (quoting R.R. Ricou & Sons Co. v. Merwin, 113 So. 745, 746 (Fla. 1927)).

Both the district court and Goodloe err by overlooking the controlling effect of Patterson.  In that case, a Florida state court sentenced the petitioner to life imprisonment and chemical castration.  Id. at 1323.  The petitioner then engaged in a "flurry of collateral attacks" on his conviction, including a federal habeas corpus petition.  Id. at 1323–24.  After the denial of his habeas petition, the petitioner returned to state court and successfully moved, under Florida Rule of Criminal Procedure 3.800, to eliminate the chemical castration component of his sentence.  Id. at 1324.  That order "did not vacate [the petitioner's] sentence and replace it with a

5

new one" nor did it "direct the Department of Corrections to hold [the petitioner] or perform any affirmative act." Id.  We held that the district court correctly dismissed the habeas petition as "second or successive" because the original sentence was the only one that "allow[ed] the Department to imprison" the petitioner, whereas the modification of the sentence "impose[d] no sentence and [gave] the Department no authority." Id. at 1326.

Here, the 2015 jail credit order did not "vacate [Goodloe's] sentence and replace it with a new one." Id. at 1324.  By its terms, the order merely corrected the original sentence by addressing a clerical error in Goodloe's credit time.  See Hagley v. State, 140 So. 3d 678, 679 (Fla. 5th DCA 2014) ("Florida has long recognized a court's inherent power to correct clerical errors such as calculation of jail credit."); Luke v. State, 672 So. 2d 654, 655 (Fla. 4th DCA 1996) ("[T]he court's recitation of the number of days' credit for time served is merely a ministerial act . . . .").  In fact, the state court entered the correction nunc pro tunc which "take[s] effect as of the date of the judgment . . . so corrected." R.R. Ricou, 113 So. at 746; see also De Baun v. Michael, 333 So. 2d 106, 108 (Fla. 2d DCA 1976) ("It has long been settled that the function of an entry nunc pro tunc is to correct the record to reflect a prior ruling made in fact but defectively recorded.").  The 2015 order merely corrected the record to reflect the proper calculation of credit for time served.  It did not authorize Goodloe's confinement.  His 1994 sentence did and does.

Goodloe cites <u>Insignares</u> for the proposition that the 2015 order did create a new judgment.  But we expressly rejected this argument in <u>Patterson</u>.  In <u>Insignares</u>, the Florida state court, on the defendant's rule 3.800 motion, "entered [a] corrected sentence and new judgment."  755 F.3d at 1277.  That "corrected sentence 'committed [Insignares] to the custody of the Department of Corrections.'" <u>Patterson</u>, 849 F.3d at 1326.  Here, however, as in <u>Patterson</u>, "the Florida trial court never issued a new prison sentence—in writing or otherwise—to replace [Goodloe's 1994 sentence]."  <u>Id.</u>  Rather, it issued an order "that relate[d] back to [the] original sentence," which "merely amend[ed] the original order."  <u>Id.</u> at 1327.  Therefore, Goodloe filed a "second or successive" section 2254 application without our authorization, and the district court lacked jurisdiction to entertain it.[3]

**VACATED AND REMANDED.**

---

[3] We deny all outstanding motions.